UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TYRONE NOEL NUNN,

                                    Plaintiff,

        v.

DISTRICT OF NEVADA, *et al.*,

                                    Defendants.

Case No. 3:23-cv-00576-ART-CSD

ORDER

Plaintiff Tyrone Noel Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1). On November 17, 2023, this Court ordered Nunn to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before January 19, 2024. (ECF No. 3). The Court warned Nunn that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 3).

In response to the Court's order, Nunn filed two incomplete applications to proceed *in forma pauperis* (ECF Nos. 5, 7). In light of these incomplete filings, on February 20, 2024, the Court granted Plaintiff an extension until March 18, 2024, to submit a complete application to proceed *in forma pauperis* or pay the $402 filing fee. (ECF No. 8). The March 18, 2024, deadline expired, and Nunn still has not filed a fully complete application to proceed *in forma pauperis*, paid the full $402 filing fee, or otherwise responded.

## I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v.*

*King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

1   with the warning of dismissal for failure to comply[,]" have been "eroded" by
2   *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
3   dismissing a case, but must explore possible and meaningful alternatives."
4   *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action
5   cannot realistically proceed until and unless Nunn either files a fully complete
6   application to proceed *in forma pauperis* or pays the $402 filing fee for a civil
7   action, the only alternative is to enter a third order setting another deadline. But
8   the reality of repeating two ignored orders is that it often only delays the inevitable
9   and squanders the Court's finite resources. The circumstances here do not
10  indicate that this case will be an exception:  there is no hint that Nunn needs
11  additional time or evidence that he did not receive the Court's order. Setting a
12  third deadline is not a meaningful alternative given these circumstances. So the
13  fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that
they weigh in favor of dismissal. It is therefore ordered that this action is
dismissed without prejudice based on Nunn's failure to file a fully complete
application to proceed *in forma pauperis* or pay the full $402 filing fee in
compliance with this Court's November 17, 2023, and February 20, 2024, orders.
The Clerk of Court is directed to enter judgment accordingly and close this case.
No other documents may be filed in this now-closed case. If Nunn wishes to
pursue his claims, he must file a complaint in a new case.

DATED THIS 8th day of May 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3